The Chief Justice
delivered the opinion of the court.*
This was an action brought by Jane Kemp against William Palmer, in which she declared against him for the trover and conversion of sundry articles of property, in the declaration specified. Pending the suit, she died; and the suit was, by the consent of the parties, revived in the name of Elijah M’Clannahan as her executor.
On the trial, the plaintiff proved that Jane Kemp having resided with the defendant, on her removal from his house left the articles of property, in the declaration mentioned, with a charge not to let them be taken away without a written order from her: that she sent by her son a written order for the articles, and that the defendant refused to let them go;—upon which she brought this suit. It was also proved by the plaintiff, that the articles in question, except a table and chest, belonged to the estate of Reuben Kemp, deceased, the husband of Jane Kemp.
The defendant objected to the plaintiff’s proceeding to recover, unless he produced letters of administration on the estate of Jane Kemp: but the court overruled the objection.
The defendant then gave in evidence the will of Reuben Kemp, deceased, together with the probate thereof, from which it appeared that the articles of property in question were bequeathed to Jane Kemp for life, and after her death to four of the testator’s children; and that Jane Kemp, and Charles Kemp, were appointed executors, and had joined in the probate and taken upon themselves the execution of the will.
Whereupon the defendant moved the court to instruct the jury, that the cause of action belonged to the surviving executor of Reuben Kemp, dec., and not to the executor of his widow: but the court refused to give the instruction.—To which several opinions of the court the defendant excepted; and a verdict and judgment having been given against him, he has appealed to this court.
It is clear that neither of the points made by the defendant in the circuit court, can be sustained.
With respect to the first point it is sufficient to remark, that as the suit had been revived in the name of the plain *356 tiff, as executor of Jane Kemp, by the consent of the parties, the defendant was thereby estoped to deny that the plaintiff was her executor; and consequently any other or further proof of his right to represent her in that character could not be required by the defendant.
A party who consents to the revival of a suit in the name of another as executor, is estoped afterwards to deny the executorship.
One of two ex’ors, who is also a legatee of the right to elect whether she will hold the goods in her fiduciary or individual character:- having e her individual possession, & exercised acts of ownership, is ev-idence that she took them in her own right.
Talbot for appellant.
The second point depends upon the question, whether the property of the goods was vested in Jane Kemp, in her individual right, or remained in the executors of Reuben Kemp?
In the latter case it is obvious that the action could only have been rightfully brought by the executors of Reuben Kemp: but in the former it is equally obvious, that the right of action, following the right of property, must have belonged to Jane Kemp in her life, and of course after her death the right to maintain the action would survive to her executor.
As Jane Kemp was both executrix and legatee of the goods in question, she must be presumed to have held them in her former character until she made an election to take them in the latter. But an election may be either express or implied; and very slight circumstances are sufficient to imply an election. In this case Jane Kemp’s exclusive possession of the goods, notwithstanding there was a joint executor, her acts of ownership over them, and more especially her charge not to deliver the goods but upon a written order from her, are circumstances from which we think the jury might presume an implied election on her part to take the goods as legatee. And if she made an election, the property of the goods must thereby have vested in her, in her individual right, and she, or her representative, could alone maintain an action for any injury done to them in her life.
The court, therefore, properly refused the instruction asked for by the defendant.
Judgment affirmed with costs and damages.
Bibb for appellant, Talbot for appellee.

 Absent, Judge Mills.